1  DARRYL P. RAINS (*Pro Hac Vice*)
   DRains@mofo.com
2  ERIK J. OLSON (*Pro Hac Vice*)
   OLGA A. TKACHENKO (*Pro Hac Vice*)
3  MORRISON & FOERSTER LLP
   755 Page Mill Road
4  Palo Alto, California  94304-1018
   Telephone: 650.813.5600
5  Facsimile: 650.494.0792

6  JAMES J. PISANELLI (SBN 4027)
   jpisanelli@bhfs.com
7  BROWNSTEIN HYATT FARBER SCHRECK LLP
   100 City Parkway, Suite 1600
8  Las Vegas, Nevada  89106
   Telephone:  702.382.2101
9  Facsimile:  702.382.8135

10 Attorneys for Nominal Defendant
   Global Cash Access Holdings, Inc.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| IN RE GLOBAL CASH ACCESS HOLDINGS, INC. DERIVATIVE LITIGATION | Lead Case No. 2:07-cv-01659-JCM-PAL |
|---|---|
| This Document Relates to:<br><br>ALL ACTIONS. | ORDER GRANTING GLOBAL CASH ACCESS HOLDINGS, INC.'S MOTION TO DISMISS FOR FAILURE TO COMPLY WITH RULE 23.1 |

1    Global Cash Access Holdings, Inc.'s motion to dismiss for failure to comply with
2 Rule 23.1 in the above-referenced action came on for hearing before the Honorable James C.
3 Mahan on May 14, 2008.
4    The Court has considered all of the papers filed by the parties in connection with this
5 motion, the papers and records on file in this action, and received argument from the parties at a
6 hearing on May 14, 2009.
7    Plaintiffs' complaint seeks to assert a shareholder derivative action.  It therefore must
8 satisfy Federal Rule of Civil Procedure 23.1, including why plaintiff may proceed when they have
9 not made a demand on the company's board.  The Court concludes pursuant to *Braddock v.*
10 *Zimmerman*, 906 A.2d 776 (Del. 2006) and the other authority cited in the papers that this
11 obligation must be satisfied in this instance as of the time of plaintiff's amended complaints.  The
12 Court finds that the amended complaint does not allege with particularly facts sufficient to
13 undermine the ability of a majority of the board of directors to consider a demand.  At the
14 hearing, plaintiffs' counsel indicated an intent to stand on the current complaint.
15    Accordingly, based on all the papers filed by the parties, the papers and records on file in
16 this action, the parties' arguments at the hearing on this matter, and other matters of which the
17 Court may properly take judicial notice, the Court HEREBY ORDERS:
18    For good cause shown, Global Cash Access Holdings, Inc.'s motion to dismiss pursuant to
19 Rule 23.1 is GRANTED.  The complaint is DISMISSED with prejudice.
20    IT IS SO ORDERED.
21
    Dated: May 19, 2009
22

23                                                                  _____
                                                                              James C. Mahan
24                                                                       United States District Judge
25
26
27
28

1